UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DENNIS SUMLIN, on behalf of himself and all
others similarly situated,

                Plaintiffs,                        Case No. 1:24-cv-08601-SLC

       -against-                          **CONSENT DECREE**

FOODTOWN, INC.,

                Defendant.
-----------------------------------------------------------------X

       This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 9, by and between Plaintiff Dennis Sumlin ("Plaintiff") and Defendant Foodtown, Inc. ("Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties" for the purposes and on the terms specified herein.

## RECITALS

    1.    Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 (the "ADA"), and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

    2.    On or about November 13, 2024, Plaintiff filed the above-captioned action in the United States District Court for the Southern District of New York (the "Action"). Plaintiff alleges that Defendant's website and mobile applications (collectively, the "Website"), is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL").

Document Ref: M7RWW-TFVBZ-EJ8A2-DWQH5          Page 1 of 10

3. Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, the NYSHRL, the NYSCRL, and the NYCHRL, that this Court is a proper venue, and any other wrongdoing or liability whatsoever.

4. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

5. This Consent Decree is entered into by Plaintiff individually, but it is intended by the parties to inure to the benefit of individuals who are blind or have low vision including members of the class identified in the Complaint.

## JURISDICTION

6. Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Website is a service, privilege, or advantage of a place of public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). Defendant denies that the Website is a public accommodation or that it is a place of public accommodation or otherwise subject to Title III of the ADA, the NYSHRL, the NYSCRL, or the NYCHRL.

7. This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

8. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised

in Plaintiff's First Amended Complaint. In resolution of this Action, the Parties hereby AGREE to the following:

## DEFINITIONS

9. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

10. Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 14 through 17 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts regarding the cost, difficulty or impact on the Website of which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Website - as though the Website were a standalone business entity, or which efforts could result in - a fundamental alteration in the manner in which Defendant operates the Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on their Website-related operations.

## TERM

11. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for 36 months from the Effective Date.

## GENERAL NONDISCRIMINATION REQUIREMENTS

12. Pursuant to the terms of this Consent Decree, Defendant, or by delegation its affiliated company Allegiance Retail Services, LLC ("Allegiance"):

a. shall not deny persons with a disability (as defined under the ADA, NYSHRL, NYSCRL, and the NYCHRL), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website, as set forth herein. N.Y. Exec. Law § 296(2)(a); N.Y. Civ. Rights Law § 40; 42 U.S.C. §12182(b)(1)(A)(i); N.Y.C. Admin. Code § 8-107(4)(a); 28 C.F.R. § 36.202(a);

b. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA, NYSHRL, NYSCRL, and the NYCHRL), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein. N.Y. Exec. Law § 292(9); N.Y. Civ. Rights Law § 40; N.Y.C. Admin. Code § 8-107; 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

c. shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA, NYSHRL, NYSCRL, and the NYCHRL), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein. N.Y. Exec. Law § 296(2)(c)(ii); N.Y. Civ. Rights Law § 40; N.Y.C. Admin. Code § 8-107(17); 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

## COMPLIANCE WITH TITLE III OF THE ADA

13. Web Accessibility Conformance Timeline: Defendant shall take appropriate steps as determined to be necessary with the goal of ensuring full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Covered Websites (including all pages therein), including for purposes of this Consent Decree websites (including all pages therein and linked to therefrom) that can be navigated to and from each such Covered Web-

site or which when entered by rerouting to the Website (collectively the "Website"), according to the following timeline and requirements, provided that the following dates will be extended in the instance that the Department of Justice issues regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

      a.      Within 24 months of the Effective Date, to the extent not already done, Defendant, or by delegation Allegiance, shall modify the Website as needed to substantially conform to the Web Content Accessibility Guidelines 2.0 and/or Web Content Accessibility Guidelines 2.1 Level A Success Criteria to the extent determined to be applicable, or any other WCAG guidelines deemed to be applicable, in such a manner so that the Website will be reasonably accessible to persons with vision disabilities ("Modification Period").

      b.      The Parties acknowledge that Defendant's obligations under this Consent Decree do not include: (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or websites that Defendant does not own, operate, prepare or control but that are linked from the Website (including, but not limited to, any content/websites hosted by third parties and implemented on the Website); and (ii) the provision of narrative description for videos. The Parties also agree that if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in its discretion, to cease the remediation efforts described above.

      c.      In achieving such conformance, Defendant, and by delegation Allegiance, may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Ap-

plying WCAG 2.1 to Non-Web Information and Communications Technologies ("WCAG2.1ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; or any combination thereof. If Defendant, or by delegation Allegiance, in reasonably relying upon any of the foregoing, and despite having sought to use Reasonable Efforts, fails to achieve substantial conformance with the applicable WCAG standard, Defendant and Allegiance will have nonetheless satisfied their obligations under this Consent Decree as set forth herein regarding remediation of the Website.

## PROCEDURES IN THE EVENT OF DISPUTES

14. The procedures set forth in Paragraphs 15 through 18 must be exhausted in the event that (i) Plaintiff alleges that Defendant or Allegiance has failed to meet its obligations pursuant to this Consent Decree, or (ii) Defendant or Allegiance concludes that it cannot substantially comply with any criteria of the applicable WCAG standard as set forth hereinabove. Defendant and Allegiance shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted.

15. If any of the Parties claim this Consent Decree or any portion of it has been violated ("breach"), the party alleging the breach shall give written notice (including reasonable particulars) of such violation to the party alleged to be in breach. The alleged breaching party must respond to such written notice of breach no later than 30 calendar days thereafter (the "Cure Period"), unless the parties agree to extend the time for response. If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured. If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party alleging

a breach <u>of the Consent Decree may seek enforcement</u> of compliance with this Consent Decree from the Court. ~~The Court shall, in its discretion,~~ [The parties may request that the Court] award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action.

16. Neither Defendant nor Allegiance shall be in breach of this Consent Decree unless: (a) an independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari or Chrome; and (b) Defendant, or by delegation Allegiance, fails to remedy the issue by seeking to use Reasonable Efforts within a reasonable period of time.

17. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

        For PLAINTIFF:        Asher Cohen, Esq.
                                           EQUAL ACCESS LAW GROUP PLLC
                                           2377 56th Drive
                                           Brooklyn, New York 11234
                                           Acohen@Ealg.law
                                           Tel: 718.501.3122

        For DEFENDANT:      Peter T. Shapiro, Esq.
                                           LEWIS BRISBOIS BISGAARD & SMITH LLP
                                           77 Water Street, Suite 2100
                                           New York, NY 10005
                                           Peter.Shapiro@lewisbrisbois.com
                                           212.232.1322

## ENFORCEMENT AND OTHER PROVISIONS

18.     The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York and applicable federal law.

19.     If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

20.     The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

21.     The Parties to this Consent Decree expressly intend and agree that it shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website, and that disabled persons shall constitute third-party beneficiaries to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

22.     This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

PLAINTIFF

Dated:     3/20/25                    *Dennis Sumlin*

154412573.1

|  |  |
|---|---|
| Dated: March 24, 2025 | DEFENDANT<br>By: /s/ Joseph Fantozzi<br>Joseph Fantozzi<br>President & COO |
| APPROVED AS TO FORM AND CONTENT: | PLAINTIFF'S LAWYERS |
| Dated: March 20, 2025 | By: /s/Asher Cohen<br>Asher Cohen, Esq.<br>EQUAL ACCESS LAW<br>GROUP PLLC<br>2377 56th Drive<br>Brooklyn, New York 11234<br>Acohen@Ealg.law<br>Tel: 718.501.3122 |
|  | DEFENDANT'S LAWYERS |
| Dated: March 20, 2025 | By:/s/ Peter T. Shapiro<br>Peter T. Shapiro, Esq.<br>LEWIS BRISBOIS BISGAARD &<br>SMITH LLP<br>77 Water Street, Suite 2100<br>New York, NY 10005<br>Peter.Shapiro@lewisbrisbois.com<br>Tel: 212.232.1322 |

Document Ref: M7RWW-TFVBZ-EJ8A2-DWQH5                                    Page 9 of 10

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree, FINDS AS FOLLOWS:

1) This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

4) The Court's jurisdiction over this matter shall continue for 36 months; and

5) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court with the Court's modification to Paragraph 15 above.

SO ORDERED:   March 25, 2025

*Sarah L. Cave*
U.S.M.J.

The Clerk of Court is respectfully directed to close this case.